UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL D. SANDERS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SUSANA DEL FIERRO, KAMALA D. HARRIS, EDMUND G. BROWN JR.,<br><br>　　　　　　Defendants. | Civil No. 11cv3014 AJB (WVG)<br><br>**Order Granting Motion to Dismiss and Sua Sponte Dismissing Complaint for Failure to State a Claim**<br><br>[Doc. No. 3] |

　　　　Presently before the Court is Defendant Kamala D. Harris's motion to dismiss the Complaint for failure to state a claim. The Plaintiff filed an opposition, [Doc. No. 7], and the Defendant filed a reply, [Doc. No. 8]. The hearing set for July 6, 2012, before Judge Battaglia is hereby VACATED as the Court finds this motion appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Defendant's motion to dismiss is GRANTED WITH PREJUDICE. Additionally, the Court sua sponte DISMISSES Plaintiff's claims against Defendants San Diego Department of Child Support Services ("DCSS"), Susana Del Fierro, and Edmund G. Brown Jr. WITH PREJUDICE for failure to state a claim and lack of subject-matter jurisdiction.[1]

---

[1] Upon review of the docket in this case, it is unclear whether Plaintiff ever properly served DCSS, Ms. Del Fierro, or Governor Brown.

## *Background*

On December 27, 2011, Plaintiff, Neil D. Sanders, a non prisoner proceeding *pro se*, filed a complaint against the Governor of California, Edmund G. Brown Jr., the Attorney General of California, Kamala D. Harris, and San Diego DCSS through their employee Susana Del Fierro, who is sued both in her individual and official capacity. *Pl.'s Compl.*, Doc. No. 1, at 2. The Plaintiff alleges violations of his freedom of association, freedom of speech, due process, and equal protection under 42 U.S.C. § 1983. *Id*. at 3-5. These violations stem from damages he allegedly sustained in connection with efforts to establish paternity over twin girls born to a married woman, whom he had an extramarital affair with while on assignment with the United States Navy. *Id*. at 3. The Plaintiff filed a complaint in 2010 against the mother, ("Mary L.") and her husband alleging that the Plaintiff was the biological father of the twin girls and seeking to establish a parental relationship with the twins. *Neil S. v. Mary L.*, 199 Cal. App. 4th 240, 245 (2011). The Superior court granted a motion to quash Plaintiff's petition and ordered the action dismissed. *Id*. at 246. Plaintiff appealed and the Court of Appeal affirmed the Superior court's ruling. *Id*. at 244. Plaintiff then filed the instant Complaint against the Defendants alleging various violations of his rights and asking for relief in the amount of $550,000. *Pl.'s Compl.*, Doc. No. 1, at 9. Plaintiff also asks for an injunction preventing Defendants from "terminating any of my parental rights and immediately restore those rights" as well as an order terminating the custodial rights of Mary L.'s husband. *Id.* In addition to requesting relief from the past judgment, Plaintiff also requests; 1) help from the FBI to find the twins; 2) that this Court find the Attorney General of California guilty of gross negligence for failing to help him establish paternity; 3) an order requiring the California Attorney General to give the Plaintiff a public apology; and 4) to remove the previous state court case from the law books. *Pl.'s Resp. in Opp'n to Mot.*, Doc. No. 7, at 4-5.

## *Legal Standard*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable

inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. 544, 556 (2007)).

A court may dismiss, sua sponte, the case at any time if it determines the plaintiff has failed to state a claim on which relief may be granted pursuant to § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Id.* Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citing *Schucker v. Rookwood*, 846 F.2d 1202, 1203-4 (9 th Cir. 1988)). *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir.2008).

### *Discussion*

Throughout the Complaint Plaintiff argues that he has a civil right to declare paternity of the twins, and that his rights are being violated as a result of his not being allowed to do so. *Pl.'s Compl.*, Doc. No. 1, at 3. In the Complaint Plaintiff offers several documents which he claims shows that he is the father of the twin girls and that the mother of the twin girls lied in the previous Superior Court case regarding the twin's paternity. *Id*.

*I. Lack of Subject-Matter Jurisdiction Under the Rooker-Feldman Doctrine*

"The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). The disappointed party of the state-court judgment may not appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties. *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). Thus, "if a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and

seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court." *Id.* at 1164. Rooker-Feldman also precludes a federal district court from exercising jurisdiction over general constitutional challenges that are "inextricably intertwined" with claims asserted in state court. *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002). A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court's decision or void its ruling. *Id.* "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

In the present case, the Plaintiff alleges various causes of action but is, in essence, arguing against the Court of Appeal's 2011 decision. In count one of the Complaint, the Plaintiff alleges that his rights to freedom of speech and association, and freedom from discrimination have been violated. *Pl.'s Compl.*, Doc. No. 1, at 3. Plaintiff contends that these rights were violated by Defendants, because he was not allowed to compel the mother to subject the twins to a DNA test. *Id.* However, as explained above, Plaintiff sued in the Superior Court to obtain the same genetic testing and his complaint was dismissed and that dismissal was upheld by the Court of Appeal. *Neil S. v. Mary L.*, 199 Cal. App.4th 240, 244 (2011). The Court of Appeal concluded that under the Uniform Parentage Act, the Plaintiff was precluded from compelling the children to submit to blood tests to resolve the question of biological parenthood. *Id.* Here, Plaintiff is essentially rearguing his state court claim. Plaintiff even uses some of the same arguments, word for word, that were raised before the Court of Appeal. *Pl.'s Compl.,* Doc. No. 1, at 3. Additionally, Plaintiff states in his Complaint that the actions that allegedly violated his rights occurred in Superior Court. *Id.* at 1. If this Court were to declare that Defendants violated Plaintiff's rights by not allowing him to compel a DNA test, this Court would essentially be reversing the state court's decision. Therefore, these claims are inextricably intertwined with the state court claims and the Court finds that it lacks subject-matter jurisdiction under the Rooker-Feldman doctrine.

Additionally, in counts two and three of the Complaint, the Plaintiff alleges that his right to due process, equal protection, free speech, freedom from discrimination, and freedom of association were

violated. *Pl.'s Compl.*, Doc. No. 1, at 4-5. In count three, Plaintiff quotes the Court of Appeal's order and directly refutes their conclusions. *Id*. at 5. In both counts Plaintiff argues, as he did in the state court, that he is the biological father of the twins, that their mother is lying about their paternity, and that by not allowing him to establish paternity, his rights are being violated. *Id.* As set forth above, the Plaintiff's Complaint alleges violation of his rights as a result of the state court rulings. *Id.* at 1. The Plaintiff believes his rights were violated by the state court's "wrongful" decision, but has failed to allege any actions on behalf of the named Defendants in this action. The only actions alleged in count three occurred on September 16, 2011, which is the same date the Court of Appeal issued it's decision regarding Plaintiff's case. *Id.* at 1. *Neil S. v. Mary L.*, 199 Cal. App.4th 240, 244 (2011). Instead of alleging causes of action against the Defendants named in this action, the Plaintiff argues against the state court's ruling and asks this Court for relief from the state court judgment and for removal of the rulings from "CA case law." *Pl.'s Resp. in Opp'n to Mot.*, Doc. No. 7, at 4-5. Additionally, Plaintiff requests that this Court reverse the state court ruling and find that the Plaintiff has "parental rights" with regards to the twins. *Pl.'s Compl.*, Doc. No. 1, at 7. Since the relief requested by the Plaintiff in this action would effectively reverse the state court's decision or void it's ruling, the Court finds that the Plaintiff's claims are inextricably intertwined with the state court judgment and Rooker-Feldman bars subject matter jurisdiction in this Court. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

***II. Extrinsic Fraud Exception to the Rooker-Feldman Doctrine***

"If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). There is, however, an exception to this general jurisdictional bar for extrinsic fraud. "A plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). A federal plaintiff can seek to set aside a state court judgment obtained through the extrinsic fraud of the adverse party. *Id.* "In order to be considered extrinsic fraud, the alleged fraud must be such that it prevents a party from having an opportunity to present his claim or defense in court . . . or deprives a party of his right to a day in court." *Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1384 (9th Cir.

1978). A "judgment may be set aside only where the fraud is extrinsic or collateral to the matters involved in the action." *Id.* As the Ninth Circuit has explained, alleged extrinsic fraud that goes to the "very heart of the issues contested in the state court action" is not extrinsic or collateral to the action. *Id*.

Here, it is unclear whether Plaintiff is alleging that extrinsic fraud has taken place because he fails to allege extrinsic fraud in his Complaint and only mentions extrinsic fraud, once in the opposition. *Pl.'s Resp. in Opp'n to Mot.*, Doc. No. 7, at 4. The only fraud the Plaintiff appears to be alleging is that the mother of the twins lied to the state courts about the twins paternity. *Pl.'s Compl.*, Doc. No. 1, at 4. Plaintiff's allegation that the mother of the twins committed perjury in the state court goes to the heart of the issues contested in the state court action and these same allegations were raised in state court proceedings. *Neil S. v. Mary L.*, 199 Cal. App. 4th 240, 245-246 (2011). The allegations of perjury are not extrinsic or collateral, but intrinsic to the state court action and therefore do not raise an issue of extrinsic fraud. *See Wood v. McEwen* 644 F.2d 797, 801 (9th Cir. 1981) (holding that Plaintiff's allegation of perjury did not raise an issue of extrinsic fraud). Even if the allegations of false testimony raised an issue of extrinsic fraud, the false testimony was allegedly committed by the mother, who is not a Defendant in the present action before the Court. *Pl.'s Compl.*, Doc. No. 1, at 4. In fact, Plaintiff fails to allege any fraud committed by any of the Defendants in the present action. Based upon the foregoing, the Court finds that the Plaintiff has failed to demonstrate an extrinsic fraud exception to the subject-matter jurisdiction bar set forth by the Rooker-Feldman doctrine.[2]

### III. Failure to State a Claim Upon Which Relief Can be Granted

Even if this Court had subject-matter jurisdiction over this case, which it does not, the Plaintiff's Complaint fails to state a claim upon which relief may be granted. To avoid a dismissal for failure to state a claim a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). Plaintiff's complaint simply states vague conclusions that Defendants have violated his rights. In many instances the Plaintiff alleges causes of action, but fails to supply the Court with any supporting facts and only vague conclusions.

---

[2] Accordingly this Court does not reach a finding on the Eleventh Amendment immunity issue.

1  For example, Plaintiff claims in counts one and three that Defendants violated his right to free speech. *Pl.'s Compl.*, Doc. No. 1, at 3, 5. However, Plaintiff fails to allege what action by the Defendants violated his rights. The Plaintiff's Complaint states only vague conclusions and references facts pertaining to the paternity of the twins and the previous order given by the state court. As a result, Plaintiff has not presented a sufficient basis for a cognizable claim on which relief may be granted. Accordingly, this Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### *Conclusion*

For the reasons set forth above, Defendant, Kamala D. Harris' motion to dismiss is GRANTED and the Complaint is DISMISSED WITH PREJUDICE as to this Defendant because: 1) Plaintiff's claims are barred by the Rooker-Feldman Doctrine; 2) the Plaintiff has failed to demonstrate an extrinsic fraud exception to this bar; and 3) the Court finds that no amendment will rectify these deficiencies and further amendment would be futile.

Based upon the foregoing, the Court sua sponte DISMISSES the Complaint WITH PREJUDICE for lack of subject-matter jurisdiction and for failure to demonstrate an extrinsic fraud exception to his bar as to Defendants, San Diego DCSS and Susana Del Fierro.[3] Because the Court finds that no amendment will rectify these deficiencies, the Plaintiff's claims against Defendants San Diego DCSS and Susana Del Fierro are DISMISSED WITH PREJUDICE.

///
///
///
///
///
///
///

---

[3] The Court is still unclear as to whether this Court has jurisdiction over these Defendants since it is unclear whether either Defendant was properly served.

1   The Court, upon the request of the Plaintiff, DISMISSES the Complaint against Defendant
2   Edmund G. Brown Jr.[4] WITH PREJUDICE because the Court finds amendment to correct the deficien-
3   cies of the Complaint would be futile. *Pl's Resp. in Opp'n to Mot.*, Doc. No. 7, at 4.
4   IT IS SO ORDERED.

6   DATED: June 22, 2012

                                                                  _____
                                                                  Hon. Anthony J. Battaglia
                                                                  U.S. District Judge

---

[4] Additionally, is unclear from the docket whether this Defendant was properly served by Plaintiff.